HEARD NOV. TERM, 1871.

MOWRY *vs.* STOGNER.

At the trial of an action to recover possession of land, the plaintiffs gave in evidence, as a muniment of their title, a deed of doubtful construction, and defendants were allowed to give parol evidence of the acts and declarations of the parties to the deed, for the purpose of explaining the construction. The plaintiffs requested the presiding Judge to charge upon the construction of the deed, which was refused, and he left the question of construction wholly to the jury as depending upon the parol evidence: *Held*, that in this there was error, and new trial granted.

BEFORE RUTLAND, J., AT MARION, JANUARY TERM, 1871.

Action by Lewis D. Mowry and William S. Mowry against John Stogner and Sherod F. Legett to recover possession of a tract of land. The land originally belonged to Sherod F. Legett, who, in January, 1852, executed a deed for the same, in words and figures, as follows:

" THE STATE OF SOUTH CAROLINA, ⎱
          MARLBORO DISTRICT. ⎰

" Know all men by these presents, that I, Sherod F. Legett, of the above named State and District, do, for and in consideration of the

sum of three thousand dollars, lawful money, to be paid by William L. Legett, of the above named State and District, according to the conditions mentioned below, I do bargain, sell, and convey unto the said William L. Legett, his heirs and assigns, a certain tract or parcel of land containing three hundred acres, more or less." (Here follows description of the land.)

"Now the condition of the above is this, that if the said William L. Legett, his heirs or assigns, do well and truly pay to me, Sherod F. Legett, my heirs or assigns, the above named sum of $3,000, for which I have this day received his note, made payable in three equal instalments, the first, on the 1st day of January, 1855, the second, on the 1st day of January, 1860, the third, on the 1st day of January, 1865. And I, the said Sherod F. Legett, do obligate and bind myself, my heirs, executors and assigns, to make unto the said William L. Legett, his heirs, executors and assigns, a good and lawful title to the within described land; otherwise, the said William L. Legett failing to comply with the above obligation, shall pay me one hundred dollars annually, for rent or use of said land.

"Given under my hand and seal, this 12th day of January, 1852.

"SHEROD F. LEGETT. [L.S.]

"Signed, sealed, and delivered in presence of

"WYATT ADAMS.
"ROBERTSON LEGETT."

William L. Legett entered under the deed, and continued in possession of the land until January, 1867, when he restored the possession to Sherod F. Legett. On the 24th January, 1868, William L. Legett was adjudged a bankrupt. The land was inserted in his schedule, with an explanatory memorandum that it had been conveyed to him by a deed, the nature of which was uncertain, and the construction of which he left to the decision of the Court. The land was sold by his assignee, and purchased by the plaintiffs. The consideration money, mentioned in the deed, had never been paid.

The presiding Judge allowed the defendants to give in evidence acts and declarations of the parties to the deed, for the purpose of explaining its construction.

The plaintiffs requested the Judge to give to the jury various specific instructions as to the construction of the deed, all of which he declined to give, stating his reasons as follows :

"I refuse so to charge, that is, I refused to give construction to the deed of 1852, it being doubtful on its face, and having to be

explained by testimony. I left it to the jury to say, from the testimony, what the parties intended it to be."

The verdict was for the defendants, and the plaintiffs appealed on several grounds, one of which is as follows:

Because the Judge erred in refusing to give construction to the deed of 1852, and left it to the jury to say, from the testimony, what the parties intended it to be.

*McIver*, *Lord*, for appellants.
*Hudson*, *Townsend*, for appellees.

March 16, 1872. The opinion of the Court was delivered by

WILLARD, A. J. On the trial it became the duty of the Circuit Judge to place a construction upon a deed, material to the issue between the parties. The counsel for the plaintiffs required the construction of the deed by the Court, advancing certain propositions as controlling such construction. The Circuit Judge declined to give any construction to the deed, and states the ground of such declination as follows: " I refuse so to charge, that is, I refused to give construction to the deed of 1852, it being doubtful on its face, and having to be explained by testimony. I left it to the jury to say from the testimony what the parties intended it to be."

It is unnecessary to consider the merits of the propositions of law embraced in the request to charge, as they are neither affirmed nor denied by the charge, and therefore cannot be regarded as having had an influence upon the verdict.

The submission to the jury of the whole question of the construction of the instrument, as depending upon parol testimony of what the parties said and did in regard to the subject-matter of the deed, was clearly erroneous.

The judgment and verdict should be set aside and a new trial ordered.

*Moses*, C. J., and *Wright*, A. J., concurred.